# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

_____

UNITED STATES OF AMERICA

      Plaintiff,

vs.                                 Case No. 1:23-cr-01070 KWR

JUAN HUGO LUGO

      Defendant.

## **ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER**

THIS MATTER is before the Court on Defendant's Appeal of Magistrate Judge's Detention Order and Request for Immediate Release with Conditions **(Doc. 12)**.  Defendant moves to revoke Judge Yarbrough's detention order pursuant to 18 U.S.C. § 3145(b).  Having conducted a *de novo* review of the record in this case, including the Pretrial Services' report, the transcript of the detention hearing, and the parties' pleadings, the Court finds Defendant's Motion is not well taken and, therefore, is **DENIED.**

## BACKGROUND

During a traffic stop, Defendant was allegedly found in the possession of 5.37 kilograms of cocaine, 102 kilograms of methamphetamine, and a loaded firearm.  The Grand Jury charged Defendant as follows:

    Count I:      Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A): Possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine.

    Count II:     Violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B): Possession with intent to distribute 500 grams and more of cocaine.

Count III:      Violation of 18 U.S.C. § 924(c)(1)(A)(i): Possession of a firearm in furtherance of a drug trafficking crime.

The Government moved to detain Defendant, and Judge Yarbrough held a detention hearing.  Pretrial Services recommended that Defendant be released to the third-party custody of La Pasada halfway house, along with other conditions of release, including drug and alcohol screening, substance abuse treatment, pursuit of employment, and a prohibition on possessing firearms.  *See* Doc. 8 at 3-4.  However, Judge Yarbrough noted that the pretrial services officer, in drafting the report, was not permitted to consider the weight of the evidence and the rebuttable presumption. Doc. 14 at 11.

Judge Yarbrough ordered Defendant be detained pending trial.  Judge Yarbrough noted that the rebuttable presumption, as well as the weight of evidence and the nature of the offense, weighed in favor of finding that Defendant was a flight risk by a preponderance of the evidence and a danger to the community by clear and convincing evidence. He also noted that 200 pounds of methamphetamine was an "incredibly large amount."  Doc. 14 at 12.  Defendant also faced significant sentencing exposure if convicted.  Doc. 14 at 12. If convicted on all counts, Mr. Lugo faces a ten-year statutory minimum on the methamphetamine charge, as well as five years consecutive for the § 924(c) charge, for a total minimum sentence of 15 years.  Judge Yarbrough noted that Defendant may be safety valve eligible but could face a high guideline range. Doc. 14 at 12 (noting significant guideline range); *see, e.g.,* USSG § 2D1.1(a)(5); (c) (offense level calculated in part based on weight of controlled substances).[1]  Judge Yarbrough also noted the weight of the evidence is strong.

Defendant now moves to revoke Judge Yarbrough's detention order.

---

[1] The Court takes no position here on the correctly calculated guideline range or any possible sentence in this case if Defendant is convicted.  Rather, the Court is merely considering the "nature and circumstances of the crime charged." § 3142(g)(1).

## LEGAL STANDARD

"A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1).  "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros*, 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the Court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145.  The Court reviews the detention order *de novo*.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).  Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties.  *Id.*  at 617.

## DISCUSSION

Defendant moves for pretrial release.  The Court may revoke a detention order under 18 U.S.C. § 3145.  The Court denies the motion, finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community.  Moreover, no proposed condition or combination of conditions can reasonably assure his appearance or the safety of the community.

3

I.    **Court declines to hold second hearing**.

Defendant requests that this court hold a second hearing, and asserts that there are two new issues which were not addressed at the prior detention hearing:

- The Government's amended response, in which it admitted that Defendant in fact had not recently traveled outside the United States; and

- Whether substance abuse monitoring and treatment conditions would help mitigate Defendant's dangerousness or flight risk.

The Court finds that the briefing adequately addressed these issues, and having reviewed the record and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that a district court may hold a hearing on an appeal of detention order, but that a hearing is not required).

II.   **Detention factors under § 3142(g)**.

   A.   **Rebuttable Presumption.**

The rebuttable presumption arises under 18 U.S.C. § 3142(e) because there is probable cause that Defendant (1) committed an offense under § 924(c) and (2) committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.  21 U.S.C. § 841(b)(1)(A)(viii).  Congress has imposed a rebuttable presumption that no combination of conditions of release will adequately assure the attendance of the defendant at future court proceedings or assure the safety of the community. 18 U.S.C. § 3142(e)(3)(A), (B). Once the presumption is invoked, the burden of production shifts to the defendant.  *United States v. Striklin*, 932 F.2d 1353, 1354 (10th Cir. 1991).  "However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's

burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Id.* at 1354-55.

Defendant asserts that his personal history rebuts the presumption. He asserts that his criminal history is minimal and he has family support in Aurora, Colorado, where he lived and worked. The Court finds that this does not rebut the presumption as to flight risk or dangerousness. Defendant's family support and job in Colorado has little relevance here, as Defendant's proposed conditions of release restrict him to Bernalillo County, New Mexico, and require him to live in La Pasada Halfway house in Albuquerque, New Mexico.  Defendant has few ties to Albuquerque. Defendant lived in Aurora, Colorado, worked in Aurora, and his family lives in Aurora.

Defendant also proffers his criminal history.  His criminal history shows two separate misdemeanor cases.  In his first case, he was charged with driving under the influence, and in his second case, he was convicted of driving under restraint – alcohol related.  *See* Doc. 8 at 5. The second case appears to have occurred while he was on probation in his first case.  *Id.*  Moreover, he failed to appear for sentencing in his second case, although he asserts he turned himself in days later.  Probation was successfully completed.  This criminal history does not provide strong evidence that he would be able to comply with conditions of release.  The Court finds that Defendant's proffers are generally not relevant and do not rebut the presumption.

Even assuming Defendant's criminal history had rebutted the presumption, the presumption remains a consideration when weighing the § 3142(g) factors.  The Court finds that the presumption here weighs in favor of detention.

B.      **Nature and Circumstances of the Offenses Charged.**

The Court must consider "the nature and circumstances of the offense charged, including whether the offense … involves …a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1).  Defendant is charged with serious crimes and was charged with possessing an extraordinary amount of controlled substances and a firearm.

Defendant was allegedly found with 102 kilograms of methamphetamine and 5.37 kilograms of cocaine.  Doc. 18 at 2.  He was also allegedly found with a loaded firearm in the passenger compartment of a vehicle.

Defendant has been charged with possession with intent to distribute 500 grams and more of a mixture and substance containing methamphetamine, possession with intent to distribute 500 grams and more of a mixture and substance containing cocaine, and possession of a firearm in furtherance of a drug trafficking crime.  The charged offense for possession with intent to distribute methamphetamine comes with statutory minimum term of 10 years' imprisonment.  The offense of possession of a firearm in furtherance of a drug trafficking crime has a term of imprisonment of five years, consecutive to any other term of imprisonment.  If convicted of all counts, Defendant faces a statutory minimum 15 years' imprisonment.  Even assuming the safety valve is applied here, the guideline range for 200 pounds of methamphetamine is "incredibly high." Doc. 14 at 12.

Here, the seriousness of the crimes charged weigh in favor of finding that Defendant is a flight risk and danger to the community.  This factor weighs heavily in favor of detention.

C.      **Weight of the Evidence.**

The weight of the evidence appears to be strong and weighs in favor of detention.

A grand jury found probable cause that Defendant committed the offenses as charged in the indictment.  Defendant was found in a vehicle with 102 kilograms of methamphetamine, 5.37

kilograms of cocaine, and a loaded firearm. Defendant allegedly admitted to possessing the firearm and knowing that drugs were in the vehicle.  Doc. 14 at 11:11-14.

The weight of the evidence appears to be strong.  This factor weighs in favor of detention.

### D.   **Defendant's history and characteristics.**

The next factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

Defendant asserts he has strong family support. Defendant's family lives in Aurora, Colorado, where Defendant also lived and worked.  Defendant's family support and workplace in Colorado has little relevance here, as Defendant's family lives in Aurora, Colorado, while the proposed conditions of release restrict him to Bernalillo County, New Mexico, and require him to live in La Pasada Halfway house in Albuquerque, New Mexico. *See* 18 U.S.C. § 3142(g)(3)(A) (court must consider length of residence in community and community ties).

The record does not reflect that Defendant has ties to Bernalillo County, New Mexico, where his proposed conditions of release confine him.  Defendant has no recent history of travel outside of the country.

Defendant asserts he has minimal criminal history.  While true, there are also concerns regarding his compliance with conditions of supervision.  Defendant's criminal history includes two misdemeanor cases.  In his first case, he was convicted of driving under the influence, and in his second case, he was convicted of "driving under restraint – alcohol related."  *See* Doc. 8 at 5. The second case appears to have occurred while he was on probation in his first case.  *Id.*

Moreover, he failed to appear for sentencing in his second case, although he asserts he turned himself in days later.  He ultimately successfully completed probation in these cases.

Moreover, Defendant asserts that any concerns regarding substance abuse issues can be resolved through conditions of release, such as substance abuse treatment and drug testing.

Defendant's history and characteristics do not favor detention, but are not sufficient to overcome the weight of the other factors.

   E.   **Danger to Community**.

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020).  As the parties acknowledge, a rebuttable presumption of dangerousness arises here.  Doc. 12 at 9.

Here, the allegations in this case suggest that Defendant is danger to the community. Defendant was found with an enormous amount of methamphetamine, along with cocaine and a loaded firearm for "personal protection."  Doc. 14 at 13:7-10; *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989) ("the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the safety of any other person or the community.").  This factor weighs in favor of detention.

F.      <u>**Weighing the factors**</u>.

Weighing the factors above, the Court finds that the Government has shown by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that Defendant is a danger to the community.

III.    <u>**Defendant's proposed conditions of release will not reasonably assure safety of the community or his appearance as required**</u>.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant asserts that certain conditions of release could reasonably assure his appearance as required or the safety of the community, including release to La Pasada halfway house, location monitoring, supervision by pretrial services, drug and alcohol testing, substance abuse treatment, and work requirements. *See* Doc. 8 at 4 (listing proposed conditions); Doc. 12. Defendant suggests that conditions designed to assist him with substance abuse issues may ensure he is not a flight risk or danger to the community.

Defendant's proposed conditions of release require that he remain in Bernalillo County, New Mexico and reside at La Pasada halfway house. However, the record does not reflect that he has a connection to the community. *See* 18 U.S.C. § 3142(g)(3)(A) (court must consider length of residence in community and community ties). Although Defendant has the support of his family, his family lives in Aurora, Colorado, where Defendant worked and lived.

Given the rebuttable presumption, the seriousness of the charges, the nature of the alleged offense, the danger to the community, and the weight of the evidence, the Court does not believe

9

that release to a halfway house along with the proposed conditions will reasonably assure his appearance as required or the safety of the community.

## **CONCLUSION**

Weighing the § 3142(g) factors together, the Court concludes that Defendant is a danger to the community by clear and convincing evidence and that no conditions of release will reasonably assure the safety of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure his appearance.

**IT IS THEREFORE ORDERED** that Defendant's Appeal of Magistrate Judge's Detention Order and Request for Immediate Release with Conditions **(Doc. 12)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE