IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                       1:23-cr-1070-KWR

JUAN HUGO LUGO,

    Defendant.

## ORDER DENYING UNITED STATES' MOTION TO COMPEL DISCOVERY

THIS MATTER comes before the Court on the Government's Motion to Compel Discovery **(Doc. 72)**. The Government seeks to compel discovery pursuant to Fed. R. Crim. P. 16(b)(1)(A) and Fed. R. Evid. 705. Having reviewed the parties' briefs and the applicable law, the Court denies the Government's motion as described below.

## BACKGROUND

Defendant was indicted on July 13, 2023, on several charges related to mixing and intentionally possessing with an intent to distribute controlled substances. **Doc. 15 (Indictment)**. Defendant initially pled not guilty to the indictment, but later entered into a plea agreement. **Doc. 59 (Plea Agreement)**. Defendant pled to one count of being in possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine, one count of being in possession with intent to distribute 500 grams or more of cocaine, and one count of being in possession of a firearm in furtherance of a drug trafficking crime. *Id*. Each count carries a statutory minimum of five years. *Id*.

Defendant has objected to a finding in the Presentence Investigation Report ("PSR") that he was not a minor participant in the drug trafficking operation in which he was involved. **Doc.**

1

64. Defendant also seeks a downward variance. *Id*. To support his position, Defendant attached an exhibit entitled "Brief Mitigation Report" ("BM Report" or "the Report"). **Doc. 64-1**.

The BM Report is a forensic evaluation and opinions which contains statements that Defendant was "a drug addict that was taken advantage of ..." **Doc. 64 at 5**. The Report also states that at arrest, Defendant "displayed signs of mental instability." *Id.* Defendant had the BM Report created for purposes of mitigating arguments at sentencing. **Doc. 72 at 3**. It "contains alleged scientific opinions in the field of Forensic Psychology that the Defendant relies upon in his briefing" and "that there may have been recordings made of the interactions of these three individuals with the Defendant." *Id.*; **Doc. 64-1 at 2**. The Government is unsure if recordings of the evaluation exist, and whether any recordings are audio, video, or both. *Id.* The BM Report also indicates that "Mr. Lugo was notified verbally and in written form of the purpose and authority for the evaluation, who would receive copies of the report, the limits of confidentiality, the legal right not to answer questions, and the lack of a treatment relationship." **Doc. 64-1 at 2.**

## ANALYSIS

The Government seeks reciprocal discovery in the form of recordings of the forensic evaluation, should they exist, as well as the evaluation parameters and consent form to identify deficiencies in the reporting and any privileges Defendant may have waived. **Doc. 72 at 11**. The Government also seeks to strike any impermissible vouching on the issue of Defendant's credibility. *Id.* Defendant argues that the evaluation and accompanying materials constitute confidential work product to which the Government is not entitled. **Doc. 72 at 2.**

I.   <u>**Rule 16 does not impose disclosure obligations on Defendant.**</u>

Defendant contends that Federal Rule of Criminal Procedure 16's disclosure obligations do not extend to sentencing because the language of the rule specifically refers to *trial*. **Doc. 73**

**at 3.** Defendant is correct that Rule 16 does not impose disclosure obligations on him at the sentencing phase of these criminal proceedings.

Federal Rule of Criminal Procedure 1 provides that the "rules govern the procedure in *all criminal proceedings in the United States district courts*. . . ." Fed. R. Crim. P. 1(a)(1) (emphasis added). Rule 1 goes on to list the proceedings excluded from the Rules' governance:

> (A) the extradition and rendition of a fugitive;
> (B) a civil property forfeiture for violating a federal statute;
> (C) the collection of a fine or penalty;
> (D) a proceeding under a statute governing juvenile delinquency to the extent the procedure is inconsistent with the statute, unless Rule 20(d) provides otherwise;
> (E) a dispute between seamen under 22 U.S.C. §§ 256-258; and
> (F) a proceeding against a witness in a foreign country under 28 U.S.C. § 1784.

Fed. R. Crim. P. 1(5) (formerly Federal Rule of Criminal Procedure 54).

There is some case law to suggest that the Government's discovery obligations extend to sentencing by nature of Rule 1's broad language. *United States v. Rivas*, 26 F. Supp. 3d 1082, 1122 (D.N.M. 2014) (discussing the government's Rule 16 disclosure obligations at the sentencing phase*United States v. Carucci*, 183 F.R.D. 614, 614 (S.D.N.Y. 1999) (finding that "[by] operation of Rule 1, Fed.R.Crim.P. Rule 16(a)(1)(A), unless otherwise limited, applies to all criminal proceedings (including sentencing)."); *United States v. Webster*, 162 F.3d 308, 346 (5th Cir. 1998) ("The Federal Rules of Criminal Procedure apply to sentencing hearings."). However, the Tenth Circuit has not spoken to *defendant's* obligations at sentencing, nor is the Court aware of any other case at any level that does so.

Sections (b)(1)(A) and (B) of Rule 16 govern a defendant's disclosure obligations during criminal proceedings. Under 16(b)(1)(A):

> If a defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items if:

3

> (i) the item is within the defendant's possession, custody, or control; *and*
>
> (ii) the defendant intends to use the item in the *defendant's case-in-chief at trial*.

Fed. R. Crim. P. 16(b)(1)(A) (emphasis added).

Similarly, 16(b)(1)(B) requires that:

> If a defendant requests disclosure under Rule 16(a)(1)(F) and the government complies, the defendant must permit the government, upon request, to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific test or experiment if:
>
> (i) the item is within the defendant's possession, custody, or control; *and*
>
> (ii) the defendant intends to use the item *in the defendant's case-in-chief at trial*, or intends to call the witness who prepared the report and the report relates to the witness's testimony.

Fed. R. Crim. P. 16(b)(1)(B) (emphasis added).

Notably, both rules only impose obligations on defendant where a defendant intends to use the information in their case-in-chief at trial. Both rules *specify* "at trial," just as Rule 16(a), which governs the Government's disclosure obligations, specifies when that disclosure must happen because of an impending trial. *See e.g.*, Fed. R. Crim. P. 16(a)(1)(E)(ii) (requiring disclosure of documents or objects if "the government intends to use the item in its case-in-chief at trial.").

Both relevant provisions of Rule 16 governing a defendant's obligations to disclose *require* that the defendant be using the information *at trial*. Fed. R. Crim. P. 16(b)(1)(A) & (B). The same cannot be said for the obligations of the Government, which allows for several scenarios in which a defendant can seek disclosure at *any* phase of a criminal proceeding. *See* Fed. R. Crim. P. 16(a)(1) *et seq.*; *see also* Fed. R. Crim. P. 1 (the Rules of Criminal Procedure govern sentencings).[1]

---

[1] Nor does Federal Rule of Criminal Procedure 32, which governs sentencing, impose *any* obligations on the defense. Indeed, the only language about disclosures reads as follows:

Here, where the Federal Rules of Criminal Procedure so clearly limit a defendant's obligations to the pre-trial phase, the Court will not impose additional obligations simply because the Government's obligations extend to sentencing.

"There is no general constitutional right to discovery in a criminal case." *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). The Government does not have any inherent constitutional right to discovery at the sentencing phase outside the language of the Federal Rules of Criminal Procedure. *Id.* Here, neither provision governing a defendant's disclosure obligations necessitates that Defendant turn over the Government's requested discovery, and the Government does not have any right to it otherwise.

## II.     The Government is not entitled to reciprocal discovery.

Relatedly, the Government it is entitled reciprocal discovery because it has complied with its pre-sentencing disclosure obligations. **Doc. 76 at 7**. The Government is again incorrect.

Rule 16 (b)(1)(A) creates a "reciprocal discovery requirement" between the United States and a criminal defendant. *United States v. McVeigh*, 954 F. Supp. 1441, 1449 (D. Colo. 1997). Rule 16(a)(1)(E) allows defendants to inspect and copy documents and objects that are within the Government's possession, custody or control. *See* Fed. R. Crim. P. 16(a)(1)(E). If a defendant makes a request under rule 16(a)(1)(E), and the Government complies with the request, Rule 16(b)(1)(A) provides the Government with a right to inspect and copy certain documents in the defendant's "possession, custody, or control," and that the defendant intends to use *at trial* during their case-in-chief. Fed. R. Crim. P. 16(b)(1)(A).

---

**(2) Introducing Evidence; Producing a Statement.** The court may permit the parties to introduce evidence on the objections. If a witness testifies at sentencing, Rule 26.2(a)-(d) and (f) applies. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

Fed. R. Crim. P. 32

However, the reciprocal discovery requirement does *not* extend to sentencing. *See McVeigh*, 954 F. Supp. at 1449 (Rule 12(b)(4) requires requests for Rule 16 discovery to be made *before trial*. . . ."). Indeed, "the Federal Rules of Criminal Procedure require reciprocal disclosure from defendants under limited circumstances." The three categories are:

> (1) books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items (Rule 16(b)(1)(A));
> (2) results or reports of any physical or mental examination of any scientific test or experiment (Rule 16(b)(1)(B)); and,
> (3) a written summary of any expert testimony that the defendant intends to use (Rule 16(b)(1)(C)).

*United States v. Lujan*, No. CR 05-0924 RB, 2011 WL 13210666, at *2 (D.N.M. May 18, 2011).

Even if Defendant's reciprocal Rule 16 obligations extended to the sentencing phase, one of these limited categories include the bases for a forensic evaluation or the recordings of that evaluation. *Id.* Indeed, Defendant has already provided the "results or reports of any physical or mental examination of any scientific test or experiment" in supplying the BM Report. *Id*; **Doc. 64-1**. Moreover, Defendant has indicated he intends to proceed by proffer, not by eliciting expert testimony at sentencing, which does not create a reciprocal discovery obligation. **Doc. 73 at 3**; *Lujan*, 2011 WL 13210666, at *2 (Requiring defendant disclose "a written summary of any expert testimony that the defendant intends to use.").

Rule 16's reciprocal discovery obligations for defendants do not extend to the sentencing phase. Even if they did, Defendant has already complied with any existing obligation. The Government is not entitled to anymore information than that.

6

### III.     Disclosure of Fact or Data Underlying Expert Opinion under Rule 705

Finally, the Government's objections grounded in the Federal Rules of Evidence are not well taken.

Federal Rule of Evidence 705 allows, but does not obligate, the Court to require an expert to disclose "the underlying facts and data" that are the basis of their opinion upon cross-examination. Fed. R. Evid. 705. Additionally, "[d]istrict courts are not bound by the Federal Rules of Evidence when sentencing a defendant." *United States v. Pulham*, 735 F. App'x 937, 950–51 (10th Cir. 2018)(citing *United States v. Ruby*, 706 F.3d 1221, 1229 (10th Cir. 2013) and 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.")); *see also* U.S.S.G. § 6A1.3 cmt. ("In determining the relevant facts, sentencing judges are not restricted to information that would be admissible at trial."). Courts may consider any information that contains "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *Pulham*, 735 F. App'x at 950–51. This includes hearsay and double hearsay if the statements meet the minimum standard of "sufficient indicia of reliability." *Id.*

When offering evidence based in unsworn, out-of-court statements, the Tenth Circuit requires some other means of corroboration. *Id.* This can include the opportunity to visually observe and assess a witness's demeanor to form a basis of the opinion. *Id.*; *United States v. Fennell*, 65 F.3d 812, 814 (10th Cir. 1995); *see also Cook*, 550 F.3d at 1296 (discussing *Fennell*'s holding regarding unobserved witnesses); *United States v. Mullins*, 632 Fed.Appx. 499, 507 (10th Cir. 2015) (unpublished) (discussing *Fennell*'s holding and basing a pattern-of-activity enhancement on the hearsay statements of a witness that the officers "personally interviewed ...

7

and thus could observe his demeanor and form opinions as to his veracity"); *United States v. Wilson*, 95 Fed.Appx. 970, 976 (10th Cir. 2004) (unpublished) (noting that hearsay statement taken telephonically "arguably lacks a minimal indicia of reliability" because the testifying witness "could not observe [the declarant's] demeanor to form an opinion as to the veracity of her statements"), *cert. granted, judgment vacated on other grounds sub nom. Wilson v. United States*, 543 U.S. 1103, 125 S.Ct. 1029, 160 L.Ed.2d 1014 (2005).

The BM Report satisfies that corroboration requirement. Defendant was evaluated "both in person and via videoconference." **Doc. 64-1 at 1**. The forensic examiner thus had the opportunity to observe Defendant's mannerisms and ways of answering questions both in person and over video chat. *Id.*; *Fennell*, 65 F.3d at 813 (finding that evidence "based was based *solely* upon unsworn allegations made by [a witness] during the *telephone* interview" did not meet the minimum standard of reliability (emphasis added). The examiner also had the opportunity to review Defendant's mannerisms and demeanor via recordings. *Id*. The evaluating psychologists generated the BM Report themselves, meaning it is based in their visual observations of Defendant's demeanor during the interview. *Id.* **at 13**. This sufficient to satisfy the Tenth Circuit's deferential standard for reliability. *Pulham*, 735 F. App'x at 950–51; *Fennell*, 65 F.3d at 814

The Government objects to any "credibility-bolstering expert testimony" because it "is grounded in a number of evidentiary rules." **Doc. 72 at 11** (citing *United States v. Charley*, 189 F.3d 1251, 1267 n.21 (10th Cir. 1999) (*en banc*)). However, the Federal Rules of Evidence do not govern these proceedings. *Ruby*, 706 F.3d at 1229. The Court retains discretion to consider hearsay and double hearsay statements that demonstrate an indicia of reliability, including credibility-bolstering expert testimony. *Pulham*, 735 F. App'x at 950–51. As discussed above, the Court finds that the BM Report in its entirety meets that standard.

8

However, the contents of the proffer email do *not* meet the "indicia of reliability." **Doc. 67-1**. The email features the kind of "[u]nsworn out-of-court statements" that no one had "an opportunity to [visually] observe." *Pulham*, 735 F. App'x at 955. Nor is there sufficient corroboration of all the statements in the email to consider anything that is not also contained in the BM Report. *United States v. Ortiz*, 993 F.2d 204, 207 (10th Cir. 1993) (holding that unsworn, out-of-court statements "must have 'sufficient corroboration by other means to form the basis for an enhancement." (internal quotations omitted)). To the extent Defendant offers statements to bolster his credibility at sentencing, the Court orders Defendant to confine his evidence to the BM Report (**Doc. 64-1**). The Court will consider statements based in the BM Report, but not uncorroborated hearsay with questionable reliability.

IV. **The Court makes no finding as to the issue of work product.**

Finally, because the Court finds that the Government is already not entitled to the discovery it seeks, the Court makes no finding on whether the recordings made during the evaluation process, the evaluation parameters, and consent form are protected by the work-product doctrine and whether Defendant had otherwise waived that privilege.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the Government's Motion to Compel Discovery **(Doc. 72) is DENIED**.

To the extent Defendant intends to offer the BM Report (**Doc. 64-1)**, Defendant's offering must be confined to the Report itself, as the accompanying email (**Doc. 67-1**) does not satisfy the Tenth Circuit's standard for reliability.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE